AB:ADG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

-against-

ANTHONY MORGAN,

              Defendant.

- - - - - - - - - - - - - - - -X

AFFIDAVIT AND COMPLAINT
IN SUPPORT
OF APPLICATION FOR
AN ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

19-M-200

EASTERN DISTRICT OF NEW YORK, SS:

      DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about March 1, 2019, within the Eastern District of New York, the defendant ANTHONY MORGAN, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a Sharps 5.56 Caliber AR15 Semiautomatic Rifle.

      (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for her belief are as follows[1]:

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Triggerlock Unit. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, video footage, records and reports, and from reports made to me by other law enforcement detectives and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. At approximately 10:40 p.m., on or about March 1, 2019, surveillance footage, recovered from the vicinity of Halsey Street and Marcy Avenue in Brooklyn, New York, recorded the defendant ANTHONY MORGAN walking down the sidewalk with rolling luggage from which the stock of a rifle clearly protruded.[2]

3. At approximately 10:50 p.m., on the same date, New York City Police Department ("NYPD") officers in the 79th Precinct's anticrime unit ("Officer-1," Officer-2," "Officer-3," "Officer-4" and "Officer-5"),[3] responded to a radio run in response to a 911 call,

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Photographs of the firearm and luggage are attached as Exhibit 1.

[3] Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them as Officer-1, Officer-2, Officer-3, Officer-4 and Officer-5 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed all of the officers about the events set forth herein except for

2

which stated that a male had a gun inside a bookbag in the vicinity of Marcy Avenue in Brooklyn. Shortly thereafter, the officers, who were in two vehicles, observed the defendant ANTHONY MORGAN on the sidewalk with luggage. Officer-1 observed the stock of a firearm clearly protruding from the luggage. Upon appearing to observe the officers, the defendant fled. The officers pursued the defendant by both car and on foot. The defendant stopped, turned toward Officer-1 (who was getting out of a vehicle) and grabbed the butt of his firearm in an attempt to pull it out of the bag. However, the gun was stuck, and the defendant threw the bag at Officer-1 and continued flight. The officers pursued and arrested the defendant.

4. The defendant ANTHONY MORGAN was transported to the 79th precinct. Officer-1 subsequently secured the luggage with the firearm and transported it back to the 79th precinct. At the precinct, a loaded Sharps 5.56 Caliber AR15 Semiautomatic Rifle, with a bump stock affixed to it, was recovered from the luggage, along with a variety of additional ammunition.

5. On or about March 2, 2019, after being read and voluntarily waiving his Miranda rights, the defendant stated that people "jumped" him at a party earlier that night and took his money; that he went to his "stash" at a friend's house to get the suitcase with the gun to return to where he was jumped to use the gun; the gun was loaded; he had the gun for security; he knew the police were chasing him; and he almost got away.

_____

Officer-5.

6. Based on my discussions with an interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives I know that the firearm recovered from the defendant was manufactured outside of the State of New York.

7. I have reviewed the defendant's criminal history records. On or about September 13, 2001, the defendant ANTHONY MORGAN was convicted in the State of New York of Attempted Robbery in the Second Degree, in violation of New York Penal Law Section 160.10, a Class D felony under New York law, punishable by more than one year imprisonment.

WHEREFORE, your deponent respectfully requests that the defendant ANTHONY MORGAN be dealt with according to law.

_____
DEBRA LAWSON
Detective
New York City Police Department

Sworn to before me this
12th day of March, 2019

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

EXHIBIT 1



